# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN ALAN BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BUENO,<br><br>　　　　Defendant. | Case No. 1:17-cv-01295-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Doc. 2, 6, 9, 10)** |

Plaintiff, Sherman Alan Brown, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, which he filed on September 28, 2017. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Along with the Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2.) Later that same date, the California Department of Corrections and Rehabilitation submitted a certified prison trust account statement for Plaintiff. (Doc. 6.) Upon review, Plaintiff's trust account reflects an average balance between one-thousand dollars and three-thousand dollars for the five month period before Plaintiff filed this action. (*Id.*) Thus, on October 20, 2017, an order issued for Plaintiff to show cause ("OSC") why this action should not be dismissed based on his untrue poverty allegation in his application to proceed *in forma pauperis*. (Doc. 9.) Despite lapse of more than the allowed time, Plaintiff failed to respond to the OSC. Hence, on November 22, 2017, findings and recommendation issued for this action to be dismissed without prejudice because of Plaintiff's untrue poverty allegation. (Doc. 10.) Rather than file objections to the

1

findings and recommendation as allowed, Plaintiff submitted the filing fee in full. (*See* 12/26/17 docket entry.)

It appears[1] that Plaintiff submitted the filing fee in an effort to avoid dismissal of this action. Dismissal is generally required because Plaintiff's general allegation of inability to pay the fees for these proceedings, in the first sentence of the IFP application, is untrue. 28 U.S.C. § 1915(e)(2)(A) ("court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue"). However, there is no basis before the Court to conclude that Plaintiff's filing of the IFP application, which contained the untrue allegation of poverty, was done in bad faith. Given Plaintiff's lack of legal experience,[2] this Court is inclined to give Plaintiff the benefit of doubt for having mistakenly filed an IFP application in this case.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. However, though Plaintiff's IFP application is rightfully denied, since Plaintiff has now paid the filing fee in full, this action need not be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations, issued on November 22, 2017 (Doc. 10), is adopted in as much as Plaintiff's application to proceed *in forma pauperis*, filed on September 28, 2017 (Doc. 2), is DENIED. However, since Plaintiff has paid the filing fee in full, the action is not dismissed and is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  January 29, 2018

SENIOR DISTRICT JUDGE

---

[1] Plaintiff did not file any explanation along with the filing fee.

[2] The Court takes judicial notice that this is the only action Plaintiff has ever filed in this Court. Fed.Rules Evid.Rule 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).