# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN ALAN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>A. BUENO, et al.,<br><br>Defendants. | Case No. 1:17-cv-01295-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 16)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.   Findings**

   **A.   Background**

Plaintiff, Sherman Alan Brown, is a state prisoner proceeding *pro so* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint was screened and dismissed with leave to amend.  (Docs. 1, 13.)  Plaintiff filed a First Amended Complaint which is before the Court for screening.  (Doc. 16.)  However, despite having received the applicable standards, as discussed below, Plaintiff fails to state any cognizable claims.

   **B.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A complaint must be dismissed if it lacks a cognizable legal theory or

fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but simply provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Summary of the First Amended Complaint

Plaintiff, who is currently housed at Kern Valley State Prison ("KVSP"), complains of incidents that occurred when he was housed at the California State Prison in Corcoran ("CSP-Cor"). Plaintiff names Correctional Officers ("C/O") A. Bueno and N. Delos Santos and Associate Warden ("AW") J. Perez as the defendants in this action. In his first claim, Plaintiff alleges that C/O Bueno failed to follow the prison's policy and procedures when she wrongly denied him numerous editions of magazines he had ordered and for which he had paid. In his second claim, Plaintiff alleges that C/O Delos Santos and AW Perez wrongly denied his inmate appeals in connection with Plaintiff's allegations that C/O Bueno deprived him of his magazines and failed to take corrective steps, return the magazines to him, or reimburse him for the magazines C/O Bueno failed to deliver to Plaintiff. Plaintiff alleges that the acts of which he complains amounted to deliberate indifference and deprived him of his rights under the "Free

Exercise Clause" of the First and Fourteenth Amendments. Plaintiff seeks $600 to compensate him for the lost magazines.

As discussed below, these allegations do not state a cognizable claim for violation of any constitutional rights. Plaintiff was previously provided with the applicable standards for the claims raised in this action and informed of deficiencies in his factual allegations. Plaintiff's First Amended Complaint nonetheless fails to state any cognizable claims. It thus appears that Plaintiff is unable to state a cognizable claim justifying dismissal of this action.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v.*

*Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### E. Claims for Relief

#### 1. Eighth Amendment – Cruel & Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to set forth a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137. Some conditions of confinement may

establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners otherwise had access to dayroom 18 hours per day)). To say that some prison conditions may interact in this fashion is far from saying that all prison conditions are a seamless web for Eighth Amendment purposes. *Id.* Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.* Temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)). Objectively, Plaintiff's deprivation of magazines does not rise to the level of a constitutional violation.

Subjectively, if an objective deprivation is shown, a plaintiff must show that prison officials acted with a sufficiently culpable state of mind—that of "deliberate indifference." *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160; *Johnson*, 217 F.3d at 733. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence—the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.

1995). Even though Plaintiff alleges that defendants were aware that he was being deprived of his magazines, any such deprivation does not amount to create a substantial risk of serious harm. Plaintiff's claim is thus not cognizable under the Eight Amendment.

### 2. Fourteenth Amendment – Due Process

Plaintiff alleges he was deprived of various magazines he had ordered and for which he had paid. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff's allegations are based on an unauthorized deprivation because he alleges C/O Bueno deprived him of his magazines in violation of prison policy and without following the proper procedures. A state prisoner has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, Plaintiff does not state a cognizable claim under the Due Process Clause based on deprivation of his magazines by C/O Bueno.

### 3. First Amendment -- Free Exercise Clause

The First Amendment is applicable to state action by incorporation through the Fourteenth Amendment. *Everson v. Bd. of Educ. of Ewing Twp.*, 330 U.S. 1, 8 (1947). "The right to exercise religious practices and beliefs does not terminate at the prison door[,]" *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)), but a prisoner's right to free exercise of religion "is necessarily limited by the fact of incarceration," *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir.1993) (citing *O'Lone*, 482 U.S. at 348). The Free Exercise Clause of the First Amendment is "not limited to beliefs which are shared by all of the members of a religious sect." *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015) (quoting *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 715-716 (1981)). It is not the centrality of particular beliefs or practices of a faith, but the sincerity of the plaintiff's belief that is relevant to the free exercise inquiry. *Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008) (citing *Levitan v. Ashcroft*, 281 F.3d 1313, 1319 (D.C.Cir.2002) ("A requirement that a religious practice be mandatory to warrant First Amendment protection finds no support in the cases of the Supreme Court or of this court."); *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (en banc) ("[O]nly those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection.").

A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir.1987), aff'd sub nom. *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)). "[A] prison policy that 'intentionally puts significant pressure on inmates ... to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice.' " *Shakur*, 514 F.3d at 889, quoting *Warsoldier*, 418

F.3d at 996 (alteration in *Shakur*); *see also Sherbert v. Verner*, 374 U.S. 398, 404 (1963).

"To ensure that courts afford appropriate deference to prison officials," the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349. The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015).

Here, Plaintiff's allegations are devoid of any facts that are even remotely related to his religious beliefs. Thus, Plaintiff fails to state a cognizable claim under the "Free Exercise Clause" of the First Amendment for infringement on his religious rights.

### 4. Inmate Appeals

Plaintiff's allegations against C/O Delos Santos and AW Perez are based entirely on their involvement in the processing of his inmate appeals regarding having been deprived of his magazines by C/O Bueno. However, as stated in the prior screening order, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Since Plaintiff does not have any substantive rights under the inmate

appeals system, he cannot state a cognizable claim for actions which prevented him from using it. Further, there must be a cognizable underlying claim for the assertion of a valid claim against a supervisor for failing to take corrective actions via the processing of inmate appeals. As discussed above, Plaintiff's allegations against C/O Bueno are not cognizable. As such, his allegations against C/O Delos Santos and AW Perez—based on their processing of Plaintiff's related inmate appeals—are likewise not cognizable.

## II. CONCLUSION

Plaintiff's First Amended Complaint fails to state any cognizable claims. Given that the Plaintiff was provided the applicable pleading requirements and legal standards for his claims in the prior screening order, it appears futile to allow further amendment. Further, Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this entire action be dismissed with prejudice based on Plaintiff's failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 20, 2018**    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE